UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**BKR GLOBAL, LLC**, a
Florida limited liability company,

    Plaintiff,

v.                                           Case No.: **3:08-cv-917-J-25JRK**

**FOURWINDS CAPITAL MANAGEMENT**,
a Cayman Islands company, **PHAUNOS
TIMBER FUND LIMITED**, a Guernsey
company, and **NEMUS, S/A**, a Brazilian
company,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants FourWinds Capital Management's and Phaunos Timber Fund Limited's Renewed Motion for Summary Judgment. (Dkt. 125). Plaintiff opposes the Motion. (Dkt. 127). Defendants have filed a Reply to Plaintiff's Opposition. (Dkt. 134). The Court has reviewed the filings and finds as follows:

**Background**

This matter arises out of a dispute concerning a 2007 Consulting Agreement that was entered into by Plaintiff and Defendant FourWinds. (Agreement, Dkt. 1-2).

On September 24, 2008, Plaintiff filed a seven count Complaint against Defendants asserting the following claims: breach of contract against Defendant FourWinds (Count I), tortious interference with a contractual relationship against Defendant Phaunos (Count II), violation of Florida's Deceptive and Unfair Trade Practices Act (FDUPTA) against Defendants FourWinds, Phaunos, and Nemus (Count III), fraud in the inducement against FourWinds (Count IV), civil conspiracy against Defendants FourWinds, Phaunos, and Nemus (Count V), unjust enrichment against Defendant Nemus (Count VI), and unjust enrichment against Phaunos (Count VII). (Complaint, Dkt. 1).

On September 23, 2009, the Court issued an Order dismissing Nemus as a defendant due to lack of personal jurisdiction. (Order, Dkt. 46).

On November 2, 2009, Defendants FourWinds and Phaunos filed a Motion for Summary Judgment on each of the Counts directed against them: breach of contract (Count I), tortious interference with a contractual relationship (Count II), violation of FDUPTA (Count III), fraud in the inducement (Count IV), civil conspiracy (Count V), unjust enrichment (Count VII). (Motion, Dkt. 49).

On April 26, 2010, this Court granted summary judgment in favor of Defendants FourWinds and Phaunos on Plaintiff's claims for breach of

contract, tortious interference with a contractual relationship, violation of FDUPTA, and fraud in the inducement. (Order, Dkt. 96). The Court found that the "investment opportunity pursued by Phaunos is materially different from the one purportedly introduced by [Plaintiff]" and, therefore, "FourWinds was not required to compensate [Plaintiff] as an acquisition agent" under the Consulting Agreement. (Dkt. 96, Pg. 6, 8). Thus, the Court dismissed Plaintiff's claims for breach of contract, tortious interference, and violation of FDUPTA. (*Id.* at Pg. 5-10). The Court also found that the Plaintiff's fraudulent inducement claim was barred by Florida's Economic Loss Rule and that Plaintiff's civil conspiracy claim was barred as a matter of law. (*Id.* at Pg. 10-14). The Court rejected the parties' cross-motions for summary judgment as to Plaintiff's unjust enrichment claim against Phaunos. (*Id.* at Pg. 14-16).

On April 27, 2010, during trial, Plaintiff argued that the Court's Order granting summary judgment in favor of Defendants on Plaintiff's claims for breach of contract, tortious interference with a contractual relationship, violation of FDUPTA, and fraud in the inducement "permeated" Plaintiff's unjust enrichment claim against Phaunos. (*See* Transcript, Dkt. 114, Pg. 3-4). As a result, Defendant moved for a directed verdict as to the unjust

enrichment claim against Phaunos (*Id.* at Pg. 12) and the Court granted the directed verdict motion (Order, Dkt. 104).

On April 29, 2010, the Court entered final judgment in favor of FourWinds and Phaunos. (Dkt. 105).

On May 24, 2010, Plaintiff appealed the Court's final judgment to U.S. Court of Appeals for the Eleventh Circuit (Dkt. 109), except for the Court's entry of summary judgment in favor of FourWinds on Plaintiff's claim for fraud in the inducement.

On November 4, 2011, the Eleventh Circuit reversed the district court's judgment, holding that "[t]he evidence presented in this case creates a triable issue of fact to whether the investment opportunity FourWinds pursued with Nemus was materially different from that presented to it by [Plaintiff]. Such a question of fact cannot be decided as a matter of law. It is for a jury to decide." *BKR Global, LLC v. FourWinds Capital Mgmt.*, 661 F.3d 1134, 1136-37 (11th Cir. 2011). The Eleventh Circuit remanded the case for further proceedings. *Id.* at 1137.

Defendants' have renewed their Motion for Summary Judgment, arguing that the district court did not rule on their alternative arguments for summary judgment on Plaintiff's claims for breach of contract, tortious

interference, violation of FDUPTA, civil conspiracy, and punitive damages presented in their initial Motion for Summary Judgment.

Plaintiff contends that Defendants' Renewed Motion for Summary Judgment should be denied because there are genuine issues of material fact as to the remanded issues that are before the Court.

**Summary Judgment Standard**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citations omitted).[1] The moving party bears the burden of establishing that no genuine issues of material fact remain. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). The nonmoving party must

---

[1] Many internal citations in this Order will be omitted.

demonstrate that there is a "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In reviewing the motion, the Court must view the evidence and all factual inferences in a light that is most favorable to the nonmoving party. *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007). All reasonable doubts about the facts are to be resolved in favor of the nonmovant. *Id.* However, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. 317, 322.

**Analysis**

As a threshold matter, there seems to be some disagreement among the parties about whether the Eleventh Circuit contemplated and rejected Defendants' alternative arguments for summary judgment. Plaintiff argues that the Eleventh Circuit rejected Defendants' alternative arguments that are present in the instant Motion. (Pl.'s Resp., Dkt. 127, Pg. 3). Defendants contend that they included many of the alternative arguments in an alternative section of their appellate brief, but this Court had not addressed the alternative arguments in its dismissal Order. (Def.'s Reply, Pg. 1-2).

This Court is not in the position to determine what arguments the appellate court considered in issuing its opinion. The Eleventh Circuit reversed this Court's grant of summary judgment and has remanded this matter for further proceedings not inconsistent with its Opinion. The Court intends to fully comply with the Eleventh Circuit's instructions when deciding the instant Motion and considering Defendants' alternative summary judgment arguments.

## I. Breach of Contract against FourWinds (Count I)

Plaintiff contends that the Agreement at issue provided that FourWinds was obligated to use Plaintiff as the due diligence or acquisition agent for any investment opportunity introduced by Plaintiff and pursued by FourWinds. (Complaint, Dkt. 1, Para. 35). Plaintiff alleges that this obligation continued beyond the termination of the Agreement if the introduction of the investment opportunity was made prior to the termination of the Agreement. (*Id.*). Plaintiff asserts that in April 2007, it introduced and brought together FourWinds, who was acting as the investment manager for Phaunos, and Nemus. (*Id.* at Para. 36). Plaintiff contends that as a result of that introduction, Phaunos and Nemus agreed to a joint venture in which Phaunos committed to a $150 million investment. (*Id.* at Para. 37). Plaintiff argues that FourWinds was contractually bound to use Plaintiff as

the due diligence or the acquisition agent and FourWinds materially breached the Agreement by not doing so. (*Id.* at Para. 37-38). As a result of the breach, FourWinds owes Plaintiff two percent of the total investment amount – $3 million in damages. (*Id.* at Para. 39).

Defendant argues that Plaintiff's breach of contract claim fails as a matter of law because (1) Plaintiff failed to satisfy the condition precedent of providing a term sheet for any investment opportunity with Nemus, (2) Plaintiff and FourWinds did not enter into a "separate agreement" within the meaning of the Consulting Agreement, and (3) the Consulting Agreement does not prescribe additional compensation for action as an "introduction agent." (Dkt. 125, Pg. 4-5).

Plaintiff contends that there are genuine issues of material fact related to Defendants' alternative arguments; therefore, Defendants' Renewed Motion for Summary Judgment should be denied as to Plaintiff's breach of contract Count.

In its summary judgment Order, the Court specifically stated that it did not address Defendants' alternative arguments (Order, Dkt. 96, Pg. 7), the Court will do so now.

The Court finds that all three of Defendants' alternative summary judgment arguments related to Plaintiff's breach of contract Count are due to be denied.

### a. Defendant's First Alternative Argument

In its first alternative argument, Defendant contends that Plaintiff failed to satisfy the condition precedent of providing a term sheet for any investment opportunity with Nemus. (Dkt. 125, Pg. 4).

Plaintiff argues that there is record evidence to show that FourWinds waived the requirement to submit a term sheet for the Nemus investment. (Dkt. 127, Pg. 4). Plaintiff asserts that the testimony of Cathie Rolf, Plaintiff's representative, is that upon presenting the Nemus prospectus to Liane Luke, FourWinds' representative, Ms. Luke told Ms. Rolf that Plaintiff was not required to submit a term sheet. (*Id.*) (citing Rolf Depo., Pg. 176-81).

Defendants assert that the portion of Ms. Rolf's testimony that Plaintiff is referring to is "uncorroborated self-serving testimony" and is "an insufficient evidentiary ground to overcome the Consulting Agreement's strong reflection of the parties' intent." (Dkt. 134, Pg. 5).

While FourWinds appears to argue that there was no waiver in this case because the Agreement contains a "no oral modification" provision,[2] determining whether waiver occurred is a determination to be made by the factfinder and is not an appropriate matter for summary judgment. *See Mid-Continent Cas. Co. v. Basdeo*, 742 F. Supp. 2d 1293, 1330 (S.D. Fla. 2010) ("The question of waiver constitutes an issue of fact."); *WSG West Palm Beach Dev., LLC v. Blank*, 990 So.2d 708, 715 (Fla. 4th DCA 2008) ("The question of waiver is an issue of fact, for which a trial judge's finding will be reversed only if there is no competent, substantial evidence to support it"); *Hill v. Ray Carter Auto Sales, Inc.*, 745 So.2d 1136, 1138 (Fla. 1st DCA 1999) ("Whether a waiver has occurred in any given situation is generally a question of fact"). Therefore, a genuine issue of material fact exists as to whether FourWinds waived the requirement of Plaintiff

---

[2] Section 9.2 of the Agreement reads:
> <u>Status.</u> The Company and the Consultant agree that the Consultant will be an independent contractor for all purposes, including but not limited to payroll and tax purposes, and that the Consultant shall not in any way represent himself to be an employee, partner, agent or officer with or of the Company, except as expressly set forth in this Agreement or as authorized by the Company in writing.

Agreement, Dkt. 1-2, Pg. 8, Section 1.2.

10

submitting a terms sheet for the Nemus investment; thus, summary judgment as to this issue must be denied.

### b. Defendant's Second Alternative Argument

In the second alternative argument, Defendant argues that Plaintiff and FourWinds did not enter into a "separate agreement" within the meaning of the Consulting Agreement. (Dkt. 125, Pg. 5).

Plaintiff contends that FourWinds' obligation to use Plaintiff as a due diligence or acquisition agent was not predicated upon entering into separate agreements; but, pursuant to the terms of the Consulting Agreement, FourWinds' obligation was based upon whether FourWinds pursued an investment opportunity that had been introduced by Plaintiff. (Dkt. 127, Pg. 5).

The Court finds that this alternative argument fails as well. The Eleventh Circuit explained that, according to the Agreement, FourWinds would pay Plaintiff $3000 per month to cover the costs and expenses of BKR's services; essentially, BKR agreed to act as a broker, finding and introducing potential investment opportunities for FourWinds. See BKR, 661 F.3d 1134, 1136. The appellate court also stated that the Agreement provided that Plaintiff "would be included in the investment process either as [a] due diligence agent . . . or as [an] acquisition agent if FourWinds

pursued an investment opportunity that the Consultant introduced." *Id.* at 1136 (internal quotations omitted). The Eleventh Circuit also notes that the parties "agreed that BKR would be compensated separately for such services, and that FourWinds would include BKR in any transaction which it has introduced for a period of two years from the date of the introduction." *Id.* (internal quotations omitted). The Eleventh Circuit goes on to conclude that "[t]he question [of] whether the investment opportunity pursued by FourWinds is covered by its agreement with BKR is one of fact, to be resolved by a jury." *Id.* at 1137.

Thus, as the Eleventh Circuit has already determined, granting summary judgment on this ground would be inappropriate because there is a genuine issue of whether the investment opportunity pursued by FourWinds is covered by its agreement with Plaintiff. See *BKR*, 661 F.3d 1134, 1137.

### c. Defendants' Third Alternative Argument

Defendants' argue that the Consulting Agreement does not prescribe additional compensation for action as an "introduction agent." (Dkt. 125, Pg. 5).

Plaintiff argues that the Agreement provides that it is to be

compensated for acting as a due diligence agent or acquisition agent. (Dkt. 127, Pg. 6).

The Court finds that this alternative argument is due to be dismissed. The Eleventh Circuit's Opinion specifically states that "[a]lthough the parties did not specify at what rate BKR would be compensated, FourWinds concedes that an appropriate commission for acquisition services would be somewhere between 1.5 and 2 percent of the value of the deal." *BKR*, 661 F.3d 1134, 1136, n. 2. The Eleventh Circuit has already determined that the jury is to decide whether the investment opportunity pursued by FourWinds is covered by its agreement with BKR. *Id.* at 1137 ("Whether BKR is entitled to compensation under its Agreement with FourWinds in these circumstances is a classic jury question.").

Thus, this issue cannot be properly decided during summary judgment.

## II. Tortious Interference against Phaunos (Count II)

Defendants argue that Plaintiff's tortious interference claim against Phaunos should be dismissed because the claim fails as a matter of law. Defendants contend that Phaunos is a not a disinterested third-party to the relationship with which it allegedly interfered; therefore, its alleged interference was not unjustified. (Dkt. 125, Pg. 5).

Plaintiff argues that Defendants failed to carry their summary judgment burden and have not shown that there are no genuine issues of material fact related to this Count. (Dkt. 127, Pg. 6-7).

The Court agrees that the Defendants have not demonstrated that there are no genuine issues of material fact related to the alleged tortious interference Count. *See Matsushita Elec. Indus. Co.*, 475 U.S. 574, 586.

Under Florida law, a claim for tortious interference with a contract cannot lie where the alleged interference is directed at a business relationship to which the defendant is a party. *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 (11th Cir. 2001). "In other words, the interfering defendant must be a third party, a stranger to the business relationship." *Id.*

To determine whether tortious interference of the contract occurred, there would have to be a determination about whether the agreement at issue governs the investment opportunity. The Eleventh Circuit has held that the question of whether the investment opportunity pursued by FourWinds is covered by its agreement with Plaintiff is one of fact, to be resolved by a jury. *See BKR*, 661 F.3d 1134, 1137. Thus, summary judgment as to Plaintiff's tortious interference claim would be inappropriate at this juncture.

### III. Violation of FDUPTA against FourWinds and Phaunos (Count III)

Defendants argue that Plaintiff's FDUPTA claim fails as a matter of law because a breach of contract is insufficient by itself to state a claim for a violation of FDUPTA. (Dkt. 125, Pg. 6). In addition, Defendant contends that the parties preserved the issue of whether Plaintiff's claim for violation of FDUPTA is barred by Florida's Economic Loss Rule in the Pretrial Statement. (*Id.*).

Plaintiff argues that Defendants did not assert the Economic Loss Rule in their original Summary Judgment Motion; regardless, the rule does not preclude statutory causes of action. (Dkt. 127, Pg. 7). In addition, Plaintiff contends that there is sufficient evidence to allege a violation of FDUPTA Count. (*Id.* at Pg. 8-9).

The Court finds that Defendants' alternative summary judgment arguments are due to be denied as Plaintiff's FDUPTA Count.

"Florida courts have consistently held that statutory causes of action are not limited by the economic loss rule." *New Lenox Industries, Inc. v. Fenton*, 510 F.Supp.2d. 893, 909 (M.D. Fla. 2007) (citing *Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*, 693 So.2d 602, 609 (Fla. 2nd DCA 1997) (economic loss rule does not limit claims under the Florida Deceptive

and Unfair Trade Practices Act); *Stallings v. Kennedy Elec., Inc.*, 710 So.2d 195 (Fla. 5th DCA 1998) (economic loss rule does not limit claims under Fla. Stat. § 553.84, a cause of action related to the violation of building codes)). Thus, Defendant's economic loss argument fails.

As far as Plaintiff's FDUPTA Count failing as a matter of law, this assertion is also unsuccessful. Plaintiff appears to have alleged sufficient arguments for its FDUPTA Count to survive summary judgment. In fact, the Eleventh Circuit specifically states the following about the evidentiary record:

> There was evidence in this record from which a jury could have concluded that BKR produced an investment opportunity in timber for FourWinds as it had contracted to do, that BKR introduced FourWinds to Nemus, a willing and able investment partner, that FourWinds and Nemus continuously discussed investment opportunities, that FourWinds excluded BKR from such discussions, and that it terminated its Agreement with BKR shortly before announcing its joint venture with Nemus.

*BKR*, 661 F.3d 1134, 1137.

The Eleventh Circuit goes on to state that determining "[w]hether BKR is entitled to compensation under its Agreement with FourWinds in these circumstances is a classic jury question." *Id.* Therefore, Defendants'

alternative argument about Plaintiff's FDUPTA Count failing as a matter of law is due to be denied.

### IV. Civil Conspiracy against FourWinds and Phaunos (Count V)

Defendant argues, in the alternative, that Plaintiff's civil conspiracy claim fails as a matter of law because it is barred by Florida's Economic Loss Rule and there is no evidence in the record of an underlying actionable wrong. (Dkt. 125, Pg. 6-7).

Plaintiff contends that the civil conspiracy claim incorporates the violation of FDUPTA and FDUPTA is not barred by the economic rule. (Dkt. 127, Pg. 9). In addition, Plaintiff argues there is sufficient record evidence to demonstrate acts of alleged wrongdoing by Defendants. (Dkt. 127, Pg. 9-10).

Once again, the Court finds that Defendants' alternative arguments are due to be denied.

"The economic loss rule does not bar claims that are independent of a breach of contract claim, including claims of civil conspiracy." *American Vintage Gun and Pawn, Inc. v. Hogan Mfg., LLC*, 2012 WL 2366690, *7 (M.D. Fla. 2012) (citing *Hilliard v. Black*, 125 F.Supp.2d 1071, 1082 (N.D. Fla. 2000) ("The First District Court of Appeals held that a properly stated

claim for civil conspiracy is not barred by the economic loss rule. *See Ron's Quality Towing, Inc. v. Southeastern Bank of Florida*, 765 So.2d 134, 136 (2000)"). In this case, while some of the underlying facts are shared with the breach of contract claim, additional facts are alleged that support Plaintiff's civil conspiracy claim. (*See* Complaint, Dkt. 1, Pg. 12-13). Thus, Defendants' alternative argument is due to be denied.

In addition, Defendants' alternative argument that Plaintiff's civil conspiracy claim fails as a matter of law is due to be denied. The Eleventh Circuit has already determined that there are genuine issues of material fact related to whether FourWinds pursued an investment opportunity that Plaintiff introduced. *See BKR*, 661 F.3d 1134, 1136. This is a question for the jury to decide. *Id.* at 1137. Moreover, the Eleventh Circuit specifically discusses the evidence on record. *See id.* Therefore, this matter is not appropriate for summary judgment disposition.

### V. Punitive Damages against FourWinds and Phaunos

Defendant argues, in the alternative, that Plaintiff's claims for punitive damages fail as a matter of law because there is no evidence in the record that FourWinds or Phaunos acted with the requisite malice, moral turpitude, or wantonness. (Dkt. 125, Pg. 7).

Plaintiff did not provide a response to this argument in its Opposition. (*See generally* Dkt. 127).

Defendant points to Plaintiff's original Opposition to support this point. In its original Opposition (Dkt. 56) to Defendants' original Summary Judgment Motion (Dkt. 49), Plaintiff stated that it "conceded that no punitive damages are recoverable for unjust enrichment and as such, BKR dismissed its claim for punitive damages associated with Count VII of the Complaint. . . . At this time, BKR, likewise, dismisses its claims for attorneys' fees, pursuant to Florida Statute 57.105, as to Counts II, IV, V, and VII." (Dkt. 56, Pg. 23).

Defendant argues that the only claims that are left that punitive damages could apply to are the tortious interference claim (Count II) and the civil conspiracy claim (Count V). (Dkt. 125, Pg. 7, n. 3).

The Court finds that Defendants' alternative argument as to punitive damages related to Count II and Count V must be denied for the same reasons the Court denied Defendants' alternative arguments for dismissal as to Counts II and V. (*See supra* Pg. 13-14, 17-18 of this Order).

**Conclusion**

Accordingly, it is **ORDERED**:

Defendants FourWinds Capital Management's and Phaunos Timber Fund Limited's Renewed Motion for Summary Judgment (**Dkt. 125**) is **DENIED**.

**DONE AND ORDERED** this 30 day of August, 2012.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record